MEMORANDUM *
Gunderson Rail Services (“GRS”) appeals the district court’s grant of a preliminary injunction pursuant to Section 10(j), 29 U.S.C. § 160(j), of the National Labor Relations Act, requiring GRS to reopen its Tucson repair facility, reinstate employees, and bargain in good faith with a union on behalf of the employees. We have jurisdiction over this appeal under 28 U.S.C. § § 1291, 1292(a)(1). We review the grant of a preliminary injunction for an abuse of discretion. McDermott v. Ampersand Publ’g, LLC, 593 F.3d 950, 957 (9th Cir.2010).
“A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.” Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008); see also Frankl v. HTH Corp., 650 F.3d 1334, 1355 (9th Cir.2011) (applying the preliminary injunction standard in connection *381 with a petition for relief under Section 10(j)). In considering the balance of equities, a district court has a duty to “balance the interests of all parties and weigh the damage to each.” L.A. Mem’l Coliseum Comm’n v. Nat’l Football League, 634 F.2d 1197, 1203 (9th Cir.1980).
Here the district court abused its discretion in issuing the preliminary injunction. The district court made both an error of law and a clear error of fact by failing to give serious consideration to GRS’s equities and by improperly weighing the burden on GRS against the burden on the Regional Director of the National Labor Relations Board (“Director”). Specifically, GRS claimed that an order requiring it to reopen the Tucson facility would be disruptive to the employees formerly located at the Tucson facility, because the majority had already accepted relocation options or severance packages. GRS also claimed that an order to reopen would require it to operate a facility that was (and would continue to be) wholly unprofitable due to the loss of its major customer, TTX. GRS’s claims were amply supported by the record. Because the district court did not meaningfully evaluate these claims or explain its reasons for concluding that the order would not impose significant financial losses on GRS, the court failed to discharge its burden of fairly weighing the equities of both parties. See Winter, 555 U.S. at 20, 129 S.Ct. 365. Further, the district court’s conclusion that GRS could reopen and support full-time employees by repairing GRS’s own railcars and those of non-TTX customers is unsupported by the record and thus is a clear factual error.
In addition to these errors, the court abused its discretion in determining that the Director’s equities outweighed GRS’s equities. The district court correctly identified the Director’s equities, namely the need “to protect the integrity of the collective bargaining process and to preserve the Board’s remedial power,” Frankl, 650 F.3d at 1355, but such equities have less weight in this context because they can be vindicated after a final judgment. If it is determined that GRS’s November 2012 layoffs and closure of the Tucson facility constitute an unfair labor practice, then an order for reinstatement, back pay, and bargaining regarding the layoffs and effects of the closure may issue following final judgment. These equities are outweighed by the potential economic harm caused by a reopening order under the circumstances of this case. See, e.g., First Nat’l Maint. Corp. v. NLRB, 452 U.S. 666, 686, 101 S.Ct. 2573, 69 L.Ed.2d 318 (1981) (holding that an employer has no duty to bargain over a decision to shut down part of its business purely for economic reasons); Great Chinese Am. Sewing Co. v. NLRB, 578 F.2d 251, 256 (9th Cir.1978) (per curiam) (emphasizing the burden of a reopening order when a plant has already been dismantled and its equipment sold).
Because the district court erred in concluding that the balance of equities tipped in favor of the Director, the court abused its discretion in issuing a preliminary injunction requiring reopening of the Tucson facility. The Board has not argued on appeal that, in the absence of an order requiring reopening, it is entitled to preliminary injunctive relief requiring GRS to engage in bargaining with the union regarding issues applicable to employees who were formerly working at the now closed facility. Nor has the Board identified harms that will be caused by GRS’s failure to bargain with the union regarding such employees, and that cannot be remedied after final judgment. Accordingly, the Board is not entitled to a preliminary injunction ordering GRS to bargain with the union. See L.A. Mem’l Coliseum Comm’n, 634 F.2d at 1202. The judgment of the *382 district court is reversed, and the preliminary injunction is vacated.
REVERSED AND VACATED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.